**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000057
25-OCT-2021
09:22 AM
Dkt. 39 SO**

NO. CAAP-20-0000057


IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI


HAWAII STATE FEDERAL CREDIT UNION,
Plaintiff-Appellee,
v.
RONNIE L.M. KAHAPEA,
Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
(CASE NO.  3DRC-19-0000289)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Ronnie L.M. Kahapea (**Kahapea**), self-represented, appeals from:  1) Order Granting Plaintiff's Motion to Dismiss Defendant Ronnie L.M. Kahapea's Counterclaim Entitled "Affidavit, Discovery, Conditional Acceptance Upon Proof of Claim, Mandatory Counter Claim, Move to Dismiss" Filed January 2, 2020, filed April 22, 2020; and 2) Judgment, filed on April 22, 2020, by the Puna Division of the District Court of the Third Circuit (**District Court**).[1]

On appeal, Kahapea contends that:  (1) the District Court did not have subject matter jurisdiction over Plaintiff-Appellee Hawaii State Federal Credit Union's (**HSFCU**) Complaint (Assumpsit-Money Owed); Declaration; Exhibit(s); Summons

---

[1]    The Honorable Robert J. Crudele presided.

(collectively **Complaint**) filed November 13, 2019; and (2) the District Court erred in granting HSFCU's Motion for Summary Judgment Against Defendant (**Motion for Summary Judgment**).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kahapea's points of error as follows, and affirm.

On December 16, 2016, Kahapea applied for, and was granted, a car loan from HSFCU for $44,254.44.  The loan terms were contained in a signed Loanliner Loan and Security Agreements and Disclosure Statement.  Kahapea defaulted on the loan, and HSFCU filed its Complaint in District Court to recover the principal amount of $25,159.20, plus costs, interest, and attorney's fees.

On December 16, 2019, Kahapea filed an Affidavit and Demand for Dismissal on Lack of Jurisdiction, challenging the District Court's subject matter jurisdiction over the Complaint. On January 2, 2020, Kahapea filed an Affidavit, Discovery, Conditional Acceptance Upon Proof of Claim, Mandatory Counter Claim, Move to Dismiss (**January 2, 2020 Motion**).  The January 2, 2020 Motion appears to direct discovery and interrogatories to HSFCU and demanded that the District Court dismiss the Complaint if HSFCU did not respond to the questions.  Additionally, it appears that Kahapea cross-claimed that HSFCU breached a purported agreement involving a Conditional Acceptance for Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering that included an "equitable remittance coupon" for $100,000 paid for by the United States Treasury to cover the debt at issue.

On January 13, 2020, HSFCU filed:  1) Plaintiff's Motion to Dismiss Defendant Ronnie L.M. Kahapea's Counterclaim Entitled "Affidavit, Discovery, Conditional Acceptance Upon Proof of Claim, Mandatory Counter Claim, Move to Dismiss" filed January

2, 2020 (**Motion to Dismiss**); and 2) Plaintiff's Motion for Summary Judgment.  On January 27, 2020, the District Court heard, and granted, both of HSFCU's motions.

On April 22, 2020, the District Court filed its Judgment awarding HSFCU a total of $31,050.85 that included the principal amount, interest, fees, and costs.  This appeal followed.

Kahapea's Opening Brief contains no record references or statement of the points of error as required by Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28.  See HRAP Rule 28(b)(4)(ii) and (iii).[2]  Failure to comply with HRAP Rule 28 is sufficient to deny relief.  HRAP Rule 28(b)(4) ("Points not presented in accordance with this section will be disregarded[.]"); HRAP Rule 28(b)(7) ("Points not argued may be deemed waived.").  In Omerod v. Heirs of Kaheananui, 116 Hawaiʻi 239, 262, 172 P.3d 983, 1006 (2007), the Hawaiʻi Supreme Court disregarded points of error due to noncompliance with HRAP Rule 28(b)(4)(ii) and (iii) and (b)(4)(C), holding that appellants "are required to do more than assert bald points of error," and that "cursory treatment of the points of appeal cannot reasonably be considered compliant with HRAP Rule 28(b)(4)."  Similarly, in Nuuanu Valley Ass'n v. City and Cty. of Honolulu, 119 Hawaiʻi 90,

---

[2]      HRAP Rule 28(b)(4) states in pertinent part,

**(b) Opening brief.** . . . . [T]he appellant shall file an opening brief, containing the following sections in the order here indicated:

. . . .

(4) A concise statement of the points of error set forth in separately numbered paragraphs.  Each point shall state:  (i) the alleged error committed by the court or agency; (ii) where in the record the alleged error occurred; and (iii) where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court or agency.

(Bolding in original).

93 n.2, 194 P.3d 531, 534 n.2 (2008), the supreme court declined to consider the appellee's argument in an answering brief due to noncompliance with HRAP Rule 28(b)(3) and (b)(7). Kahapea's Opening Brief is patently less compliant with HRAP Rule 28 than the examples in <u>Omerod</u> and <u>Nuuanu Valley Association</u>.

Kahapea also failed to request the transcript for the January 27, 2020 hearing pursuant to HRAP Rule 10(b)(1)(A). <u>See</u> HRAP Rule 10(b)(1)(A).[3] The burden is on the appellant to provide the transcript of proceedings. <u>Id.</u> In order to fairly evaluate the actions of the District Court, Kahapea was required to provide the transcript of the January 27, 2020 hearing. <u>Bettencourt v. Bettencourt</u>, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript.")).

Notwithstanding the above, we note that it is the policy of the appellate court to provide self-represented litigants an opportunity to have their cases heard on the merits despite inartful pleading. <u>Waltrip v. TS Enterprises, Inc.</u>, 140 Hawaiʻi 226, 239, 398 P.3d 815, 828 (2016). However, this policy is premised on the assumption that it is possible to ascertain a reasonable, liberal construction of the defective pleading. <u>Id.</u> We will construe Kahapea's arguments to the extent that they can be reasonably discerned. <u>See</u> <u>Wagner v. World Botanical Gardens, Inc.</u>, 126 Hawaiʻi 190, 193, 268 P.3d 443, 446 (App. 2011).

Kahapea contends that the District Court erred in

---

[3] HRAP Rule 10(b)(1)(A) provides,

> When an appellant desires to raise any point on appeal <u>that requires consideration of the oral proceedings before the court appealed from</u>, the <u>appellant shall file with the appellate clerk, within 10 days after filing the notice of appeal, a request or requests to prepare a reporter's transcript</u> of such parts of the proceedings as the appellant deems necessary that are not already on file in the appeal.

(Emphasis added).

awarding summary judgment to HSFCU because it did not have subject matter jurisdiction over the case. Kahapea argues that a special proceeding (**Special Proceeding**) filed in the Circuit Court of the Third Circuit (**Circuit Court**)[4] and a federal court action to enforce an arbitration award[5] divested the District Court of jurisdiction. This contention is without merit.

"The existence of jurisdiction is a question of law that we review de novo under the right/wrong standard." Lingle v. Hawaiʻi Gov't Employees Ass'n, AFSCME, Local 152, AFL-CIO, 107 Hawaiʻi 178, 182, 111 P.3d 587, 591 (2005). Pursuant to HRS § 604-5 (2016), the district courts have jurisdiction "in all civil actions where the debt, amount, damages, or value of the property claimed does not exceed $40,000 . . . . Attorney's commissions or fees, including those stipulated in any note or contract sued on, interest, and costs, shall not be included in computing the jurisdictional amount."

HSFCU's Complaint was a civil action that sought a judgment totaling $25,159.20 plus interest, fees, and costs, which is an amount below the statutory maximum of $40,000. See HRS § 604-5. HRS § 604-5 states that fees and costs are not included in computing the jurisdictional amount. See id. However, even if fees and costs were included in the Complaint, the Judgment awarded a total of $31,050.85 which is below the $40,000 limit. Therefore, the District Court had subject matter jurisdiction over the Complaint pursuant to HRS § 604-5. See id.

---

[4] Kahapea refers to Special Proceeding case no. 3SP191000046, Ronnie Louis Marvel Kahapea v. Hawaii State Federal Credit Union, in which he filed an Exemplified Foreign Judgment Exhibit A, Exhibit B Date: September 6, 2019. While this proceeding is not a part of the record in the instant case, we have discretion to take judicial notice "where the equity of the situation dictates" and may take judicial notice of court records which are not part of the record on appeal. State v. Kwong, 149 Hawaiʻi 106, 117, 482 P.3d 1067, 1078 (2021) (quoting Eli v. State, 63 Haw. 474, 478, 630 P.2d 113, 116 (1981)).

[5] The record is devoid of any documentation regarding this purported arbitration award and the federal action.

In addition, nothing in the record or otherwise supports Kahapea's contention that the federal court action, or the Special Proceeding with the Circuit Court, divested the District Court of its jurisdiction over the Complaint.

Next, Kahapea contends, for the first time in his Reply Brief, that the District Court erred in granting HSFCU's motion for summary judgment because "[t]here is no evidence of the original contract to substantiate a breach of contract action[.]" This contention lacks merit.

An appellate court reviews an award of summary judgment *de novo* under the same standard applied by the circuit court. Fujimoto v. Au, 95 Hawai'i 116, 136, 19 P.3d 699, 719 (2001) (citing Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 104, 839 P.2d 10, 22, reconsideration denied, 74 Haw. 650, 843 P.2d 144 (1992)). We recognize that "summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. (internal brackets omitted). The evidence must be viewed in the light most favorable to the party opposing summary judgment. Id. at 137, 19 P.3d at 720 (citing State ex rel. Bronster v. Yoshina, 84 Hawai'i 179, 186, 932 P.2d 316, 323 (1997)).

HSFCU's motion for summary judgment included an affidavit[6] (**Affidavit**) by Loan Recovery Officer Gordon Caluya

---

[6]     District Court Rules of Civil Procedure (**DCRCP**) Rule 56(e) states,

> **(e)   Form of affidavits; further testimony.**
> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further

(**Caluya**). The Affidavit contained facts and evidence that established breach of contract.[7] Caluya attached a copy of the Loanliner Loan and Security Agreements and Disclosure Statement dated December 16, 2016, as Exhibit A (**Agreement**). Caluya averred that Kahapea was issued Loan No. ####330 in the principal amount of $44,254.44. Caluya averred that under the terms of the Agreement, Kahapea agreed to make monthly payments at a time and in the manner contained in the Agreement. Kahapea, however, failed to make the required monthly payments in accordance with the Agreement. HSFCU demanded payment of all the amounts owed, but Kahapea failed to make such payments. This breach was further evidenced by a copy of Kahapea's transaction history and payoff calculation attached to the affidavit as Exhibit B. Caluya averred that the total amount due under the loan was $24,408.66, which included the principal balance, interest up to January 9, 2020, and late charges. Additionally, under the terms of the Agreement, Kahapea was liable for attorneys' fees and costs in connection with the enforcement of the Agreement.

The Affidavit consists of facts and evidence that are admissible at trial and were made on Caluya's personal knowledge. See Miller v. Manuel, 9 Haw. App. 56, 66, 828 P.2d 286, 292 (1991) ("Affidavits in support of a summary judgment motion are

---

> affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(Bolding in original).

[7] The elements of breach of contract, HSFCU had to establish: (1) a contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) the resulting damages to plaintiff. 17B C.J.S. Contracts § 830, Westlaw (database updated October 2021).

scrutinized to determine whether the facts they aver are admissible at trial and are made on the personal knowledge of the affiant. Also, ultimate or conclusory facts or conclusions of law are not to be utilized in a summary judgment affidavit.") (citation omitted); see also DCRCP 56. Caluya averred that he had personal knowledge and was competent to testify on issues related to the loan. The business records that Caluya referred to (i.e., Loanliner Loan and Security Agreements and Disclosure Statement and the transaction history) satisfied the business records hearsay exception pursuant to Hawai'i Rules of Evidence (**HRE**) Rule 803(b)(6).[8] The records were made in the course of HSFCU's regularly conducted business activity of the loan and loan servicing; the referenced record of acts was made at or near the time the acts were reported; Caluya made entries into the records; and Caluya is the custodian of the records that were kept in a filing and computer system maintained under his custody and control. The records were also sworn to as true and accurate copies and were attached to the affidavit. Therefore, based on the averments and evidence described above, the affidavit complied with DCRCP Rule 56 and was properly considered by the District Court. See DCRCP 56; HRE 803; Nozawa v. Operating Engineers Local Union No. 3, 142 Hawai'i 331, 338-40, 418 P.3d 1187, 1194-96 (2018); Miller, 9 Haw. App. at 66, 828 P.2d at 292; Pac. Concrete Fed. Credit Union v. Kauanoe, 62 Haw. 334, 336-337, 614 P.2d 936, 938 (1980).

---

[8] HRE Rule 803(b)(6) states,

(6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made in the course of a regularly conducted activity, at or near the time of the acts, events, conditions, opinions, or diagnoses, as shown by the testimony of the custodian or other qualified witness, or by certification that complies with rule 902(11) or a statute permitting certification, unless the sources of information or other circumstances indicate lack of trustworthiness.

In response to HSFCU's motion for summary judgment, Kahapea filed an Affidavit, Dismissal Upon Plaintiffs Failure to Respond, Summary Judgment, where Kahapea broadly argued that HSFCU did not adduce any evidence to support its claim for a breach of contract. However, this filing did not contain any assertions or evidence of specific facts to demonstrate a genuine issue for trial. Instead, Kahapea stated, *inter alia*, that HSFCU failed to prove the existence of a loan, the existence of a debt, and any evidence in general. Adverse parties to a motion for summary judgment,

> may not rest upon the mere allegations or denials of his [or her] pleading, but his [or her] response, by affidavits or as otherwise provided in [HRCP Rule 56], must set forth <u>specific facts showing that there is a genuine issue for trial</u>. If he [or she] does not so respond, summary judgment, if appropriate, shall be entered against him [or her].

<u>Young v. Planning Comm'n of County of Kauai</u>, 89 Hawai'i 400, 407, 974 P.2d 40, 47 (1999) (emphasis in original) (quoting HRCP Rule 56(e)). Once the proponent for summary judgment meets its initial burden of showing no genuine issue of material fact, the opponent cannot discharge its burden by alleging bare conclusions and denials to avoid summary judgment. See <u>Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.</u>, 116 Hawai'i 277, 301-02, 172 P.3d 1021, 1045-46 (2007).

HSFCU met its initial burden for summary judgment because the Affidavit and exhibits contained admissible evidence for each element of the cause of action for breach of contract. Kahapea offered no evidence to create a factual dispute and failed to show a genuine issue for trial; and thus, the District Court did not err in awarding summary judgment. See DCRCP 56; <u>Young</u>, 89 Hawai'i at 407, 974 P.2d at 47.

Therefore, IT IS HEREBY ORDERED that the 1) Order Granting Plaintiff's Motion to Dismiss Defendant Ronnie L.M. Kahapea's Counterclaim Entitled "Affidavit, Discovery,

9

**  NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER **

Conditional Acceptance Upon Proof of Claim, Mandatory Counter Claim, Move to Dismiss" Filed January 2, 2020, filed April 22, 2020; and 2) Judgment, filed on April 22, 2020, by the Puna Division of the District Court of the Third Circuit are affirmed.

DATED:  Honolulu, Hawaiʻi, October 25, 2021.


On the briefs:

Ronnie L.M. Kahapea
Defendant-Appellant

Lisa M. Yang
(Watanabe Ing LLP)
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge